HAM v. HAM & a.

Executors have the powers and are subject to the liabilities of trustees as to
all matters confided to them and not embraced in the general administra-
tion and settlement of the estate.

One of two joint trustees cannot, without the assent of his co-trustee, convey
or pledge the trust property; and a person taking such conveyance or
pledge, with notice of the trust, acquires no title to the property against
the trustees.

IN EQUITY. The plaintiff sought to compel the reconveyance of
nine shares of stock in the Mechanics and Traders' Bank. The bill
was taken, *pro confesso*, as to the defendant, Francis W. Ham.

Supply Ham, who died in 1862, by his will gave to his wife Eliza-
beth, among other things, the income of a store for life. After the
testator's death, by agreement of all parties interested, the store was
sold, and the proceeds invested by the executors, Henry H. and Fran-
cis W. Ham, as a fund, to be held in trust by them instead of the
store, the income to be paid to Elizabeth for life, the remainder to
the testator's children. With the plaintiff's knowledge and authority,
Francis invested a part of the proceeds in nine shares of the M. & T.
Bank, of Portsmouth, took a certificate in the name of "The estate of
Supply Ham," and signed the receipt for it "Francis W. Ham, Exec-
utor." In 1873 and 1874, he hired of the Trust Company $900, giving
his notes signed "Francis W. Ham, Executor," and pledging said
bank shares as security, the bank issuing a certificate to the Trust
Company. Interest on the notes was to be 9 per cent. in advance,
and the company were to apply the dividends on the shares in payment
of such interest. The plaintiff had no knowledge of, and gave no
authority for, the loan and pledge, and the bank and the Trust Company
supposed Francis was the sole executor, acted in good faith, and had
no notice or knowledge of any violation of duty or misappropriation
of trust property by Francis. The bank shares were pledged, and the
$900 was hired and applied by Francis to the payment of his private
debts, without the authority, consent, or knowledge of the plaintiff,
and without any want of reasonable care or prudence on his part.
The notes are unpaid, and the plaintiff seeks a reconveyance of the
nine shares.

*Frink*, for the plaintiff.

*Hatch*, for the Trust and Guarantee Company.

ALLEN, J. The plaintiff, and the defendant Francis, held the bank
shares in trust for the devisees. The special duty of managing and
investing a fund did not relate to their general duty as executors in
settling the estate, and their powers and duties relating to such fund

were those of trustees. *Healey* v. *Toppan*, 45 N. H. 243 ; *Leavitt* v. *Wooster*, 14 N. H. 550 ; *Gregg* v. *Currier*, 36 N. H. 200. Trustees have not the general power of disposition of trust property which executors have in the settlement of estates, but are limited to the purposes of the trust ; and one of several trustees cannot, without the authority of his co-trustee, though an executor may, dispose of, bind, or pledge the trust property *( Crewe* v. *Dicken*, 4 Ves., Jr., 97 ; *Sinclair* v. *Jackson*, 8 Cow. 544 ; *Ridgeley* v. *Johnson*, 11 Barb. 527 ; 2 Bouv. Law Dic. 617) ; and a purchaser of trust property, having notice of the trust, takes it charged with all the burdens of the trust. The title of the Trust and Guarantee Company to the nine shares of bank stock fails, because Francis alone had no authority to pledge it ; and, by finding the certificate of the shares in the name of " The estate of Supply Ham," and Francis's signature as " Executor," the company were chargeable with notice of the trust. *Shaw* v. *Spencer*, 100 Mass. 382.

A reconveyance of the bank stock is decreed, or. the Trust and Guarantee Company, at their option, may retain it, paying the income to Elizabeth Ham for life, and at her death, if the debt is not paid, retain Francis's interest in the fund.

DOE, C. J., did not sit.