BELL & a., *Ex'rs, v.* SAWYER, *Trustee ad litem.*

Executors intrusted by the will with the investment of money, in the performance of the trust are regarded as trustees, and in making investments are under the same obligations and duties as guardians.
If they use due discretion in making investments in the funds designated by statute, they are not chargeable for any depreciation of securities.
Trustees are liable to taxation for the trust estate, and it is their duty to render under oath the inventory required by Gen. Laws, *c.* 55, *s.* 3.

BILL IN EQUITY, by the executors of Mary G. Gale, for instruction.   After providing for the payment of certain annuities to legatees, the will directs the executors to sell all the estate, except the Union Building, and keep the proceeds and the rents derived from the Union Building safely invested. allowing them to accumulate until January 1, 1890.   All the estate remaining at that date is devised to trustees, to be appointed by the supreme court on the application of the executors, in trust for the establishment in the city of Manchester of a "Home for Aged and Destitute Females." The executors have performed all their duties under the will, except the payment of the annuities and the investment of the proceeds of the estate.   They represent that prudent investments in notes, secured by the mortgage of real estate, or in the securities hereinafter mentioned, will produce a net income of only about four per cent. per annum.   They ask to be instructed whether, in

the further management of the estate, they are to be regarded as trustees ; whether, in making investments, they are under the same obligations as guardians ; whether, if they invest the funds in the bonds of the United States, bearing interest at the rate of four per cent. per annum at their par value, or in other bonds of the United States, or of this state, or of the towns, cities, and counties of this state, bearing a higher rate of interest at more than ' their par value, they are chargeable for any loss which may be caused by any depreciation of such securities, or for more than the rate of interest they actually receive ; whether they are liable to be taxed for the trust estate, or are obliged to render under oath an inventory, as provided by Gen. Laws, c. 55, s. 3, and as to their duty in procuring the appointment of trustees.

Bell and Hunt, for the plaintiffs. '

G. Y. Sawyer, for the defendant.

BINGHAM, J.   In the management and investment of the funds, the plaintiffs are to be regarded as trustees.  Ham v. Ham, 58 N. H. 70; Per. Trusts. s. 263.   Therefore they are under the same obligations and duties as guardians.  G. L., c. 205, s. 8.  Guardians are required to invest the money of their wards in notes secured by the mortgage of real estate at least double in value of the notes, in some incorporated savings-bank in this state, or in the bonds or loans of this state, or of some town, city, or county of this state, or of the United States.  G. L., c. 185, s. 11.  If the plaintiffs use due discretion in making the investments required by law, they are not chargeable for any depreciation of securities, nor for a greater rate of interest than they receive.  Per. Trusts, s. 263.  All taxable property held in trust is taxable to the trustee.  G. L., c. 54, s. 23. And, like other persons liable to be taxed for personal property, he is bound to render to the assessors an inventory under oath.  G. L., c. 55, s. 3.   The plaintiffs may pay the legal taxes out of the income of the trust estate.   They should apply to the supreme court for the appointment of the trustees at such a time as will procure their appointment on or about January 1, 1890.

*Case discharged.*

STANLEY, J., did not sit : the others concurred.